IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KLAUSNER TECHNOLOGIES, INC., a New York corporation, | § § § | CIVIL ACTION NO. 6:12 CV 180 |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| UNITED STATES CELLULAR CORPORATION, a Delaware corporation, | § § § § | |
| Defendant. | § | |

**DEFENDANT UNITED STATES CELLULAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

I.     INTRODUCTION

After submitting threadbare, vague allegations in its complaint, Klausner now wrongly accuses the email feature of U.S. Cellular's voicemail-to-text service as infringing its expired patent. U.S. Cellular launched the voicemail-to-text service in February 2012, charging subscribers $2.99 per month.[1] On March 20, 2012, plaintiff filed suit against U.S. Cellular, eleven days before Klausner's patent expired.

To date, no one in the Eastern District of Texas has ever purchased the service.[2] (Indeed, the total number of paid subscribers from the launch date to the patent's expiration date is 2,815 equating to less than $10,000 in revenue for the period.)[3] During the February launch, U.S. Cellular offered a promotional 30-day trial to all of its customers nationwide via its website. Only two customers with addresses in Eastern District of Texas[4] ever signed-up for the free trial. These two customers never paid for the service and allowed the service to expire after the 30-day trial period.[5]

It is unclear whether these two customers ever activated the accused email feature. The voicemail-to-text service has essentially two configurations. The default configuration sends an SMS message containing only a transcribed voicemail without the audible voicemail. The other optional configuration sends an e-mail containing both the transcription and audio of the voicemail.[6] Neither infringes. Klausner only accuses the latter, optional feature of the service.[7] A customer must actively configure the service to enable the optional e-mail feature that stands accused. Plaintiff presents nothing that suggests that anyone in the district ever activated the e-mail delivery mode.

---

[1] Declaration of Robin Sticha (Sticha Decl.) ¶ 2.
[2] Sticha Decl. ¶ 3.
[3] *Id.* Given the de minimis nature of Klausner's recoverable damages, it is a wonder that Klausner persists in wasting more time and legal fees pursuing this matter.
[4] These two customers have addresses a few miles from the Texas-Oklahoma border. U.S. Cellular provides cellular service in Oklahoma, but not within the geographic boundaries of the Eastern District of Texas.
[5] Sticha Decl. ¶3.
[6] *See* http://www.uscellular.com/services/voice-mail/voice-mail-to-text.html; and
http://www.uscellular.com/uscellular/pdf/US4005E_Voice-Mail-To-Text.pdf (both attached as Ex. 1)
[7] "In one configuration, when a V2T user selects a voicemail message on the list, that voicemail message is transmitted to the remote user in response to the selection." Pl. Opp. Br. at 2. The e-mail message is the only message sent by the voicemail-to-text service that actually contains the voicemail message. *See* Ex. 1.

The existence of two customers who did not necessarily enable the accused feature and who did not pay for the service is the type of fortuitous, random, and attenuated contact that fails to satisfy the purposeful availment requirement and traditional notions of fair play and substantial justice.

### A.     U.S. Cellular Has Not Purposefully Availed Itself Within the Eastern District of Texas

A linchpin of its purposeful availment argument, Klausner states that "it is highly likely that many of U.S. Cellular's customers…have ordered the V2T service from within the District." The reality is far from Klausner's baseless assertion. There has been no sale of the voicemail-to-text service within the Eastern District of Texas. Only two free 30-day trial subscriptions have been given.  As explained above, there is no indication that either of these two subscribers actually used within the District the accused e-mail configuration of the voicemail-to-text service.

Klausner further argues that because U.S. Cellular generally markets the voicemail-to-text feature to its customers and because U.S. Cellular has customers in the District, U.S. Cellular must have purposefully availed itself within the District.  The argument is flawed, and leads to Klausner's overreaching conclusion that U.S. Cellular is subject to jurisdiction anywhere a customer is able to subscribe to the voicemail-to-text service.

As set forth in detail its opening brief, U.S. Cellular has not purposefully availed itself of the District. It has no license to operate, no equipment or cell towers, and has no property, stores, or employees within the District, and it does not solicit any business in the District or direct any advertising to the District's residents.  Fitzell Decl. ¶ 6-10.  It does not ship or import any mobile communications device into the District.  *Id.* ¶ 11. It cannot be said that U.S. Cellular has purposefully availed itself of the District.

A customer's ability to subscribe from his cell phone anywhere in the country, and who may have happened to be in the District when doing so, is precisely the type of "fortuitous" circumstances that cannot support personal jurisdiction.  *Burger King*, 471 U.S. at 472 (random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction.); *see, e.g., Patterson v. Dietze, Inc.,* 764 F.2d 1145, 1147 (5th Cir. 1985) (finding no purposeful availment because

contacts rested on "mere fortuity that the plaintiff happens to be a resident of the forum," where defendant made calls to Texas, wired payments to Texas, and entered into contracts with two Texas entities); *Brammer Eng'g, Inc. v. East Wright Mt. LTD P'ship*, 307 Fed. Appx. 845, 847-8 (5th Cir. 2009) (finding no purposeful availment because contacts were fortuitous, where defendant merely contracted with residents of the forum, sent communications into the forum, and requested that plaintiff, residing in the forum, conduct an audit of its records).

Accordingly, to subject U.S. Cellular would not be subject to personal jurisdiction in the District, if the District were a state.

### B.  Jurisdiction Under the Stream of Commerce Theory Is Inappropriate

Last term, the Supreme Court revisited the stream of commerce theory in *J. McIntyre Machinery, Ltd. v. Nicastro*, ––– U.S. –––, 131 S.Ct. 2780 (2011). Although no opinion commanded a majority, the plurality held that "[t]he defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *Id*. at 2788 (Kennedy, J.). The plurality explained that the defendant, who intended to serve the entire U.S. market but whose only contact with the forum was the sale of one machine through an intermediary, did not purposefully avail itself of the forum. *Id*. at 2790. In concurrence, Justices Breyer and Alito agreed with the result but reasoned that the Court's precedent makes clear that the single sale of a product in the forum state is not sufficient to establish minimum contacts. *Id*. at 2792. Here, there are only two non-paying customers who signed-up for the voicemail-to-text service. Even assuming that these were sales of a product in the District and that the stream of commerce theory applies (it does not as explained below), the two isolated "sales" are insufficient to establish minimum contacts.

The stream of commerce theory is also inapplicable because there is no "product" being placed in the District's stream of commerce. Klausner states that the service would be "downloaded and used" in the Eastern District of Texas. But the voicemail-to-text is not a service that can be "downloaded and used." The service merely causes SMS text messages and email messages to be sent to subscriber's mobile devices wherever the mobile device is located. Further,

none of the servers and equipment used to originate these messages are in the Eastern District of Texas. And the messages communicated wirelessly to a subscriber traverse networks in a fashion similar to other SMS and email messages. Thus, when the subscriber is outside U.S. Cellular's service area, such as being in the District, messages are communicated to the subscriber's mobile device using cell tower equipment that does not belong to U.S. Cellular. Unlike the cases relied upon by Klausner, the voicemail-to-text is a service, not a product, much less a product that has found its way into the District's stream of commerce. *See, e.g., Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1560 (Fed. Cir. 1994) (ceiling fan); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) (automobile); and *GSK Tech., Inc. v. Scheider Elec., S.A.*, 6:06-cv-362, 2007 WL 788343 (E.D. Tex. Mar. 14, 2007) (Davis, J.) (circuit breakers).

Additionally, as explained above there is no indication that the accused configuration—the email configuration—was ever activated by the two customers having addresses within the District. Without demonstrating that the infringing product actually reached the forum, exercise of personal jurisdiction under the stream of commerce theory is inappropriate. *See QR Spex, Inc. v. Motorola, Inc.,* 507 F. Supp. 2d 650, 658 (E.D. Tex. 2007).

### C. The Public And Private Factors Weigh Even More Heavily In Support of Transfer

The accused technology is the e-mail feature of the voicemail-to-text service, a service provided by Nuance. Nuance has its American headquarters in Burlington, Massachusetts, a suburb of Boston. Just as with New York (Klausner's location), Burlington is much closer to Chicago than to Tyler (approximately 985 miles versus 1,713 miles). Thus, the cost of attendance would be less expensive because flights are cheaper, more plentiful, and shorter from Boston to Chicago than from Boston to Tyler.[8]

Additionally, despite the two people in this District who evaluated the voicemail-to-text service but never purchased it, this case hardly stirs localized interests. Unlike the Northern District of Illinois where many U.S. Cellular customers and employees reside and where U.S. Cellular provides services, including the voicemail-to-text service, this District has virtually no

---

[8] Printouts from travelocity.com (attached as Ex. 2).

localized interests. No U.S. Cellular customer within the Eastern District currently uses the accused technology.

## II. CONCLUSION

In sum, two customers in the District (out of U.S. Cellular's six million customers nationwide), who activated a free-trial of the voicemail-to-text service, should not subject U.S. Cellular to personal jurisdiction in the District. The case against U.S. Cellular should be dismissed for improper venue, or, alternatively, transferred to the Northern District of Illinois.

Dated: June 29, 2012                            UNITED STATES CELLULAR CORPORATION

                                      By:   /s/ *Steve Malin*
                                            Steve Malin, SBN 12859750
                                            smalin@sidley.com
                                            Demarron A. Berkley, SBN 24050287
                                            dberkley@sidley.com
                                            Sidley Austin LLP
                                            717 North Harwood,
                                            Suite 3400
                                            Dallas, Texas 75201
                                            Telephone: (214) 981-3300
                                            Facsimile: (214) 981-3400

                                            Richard J. O'Brien, SBN 3125248
                                            robrien@sidley.com
                                            Sidley Austin LLP
                                            One South Dearborn Street
                                            Chicago, Illinois 60603
                                            Telephone: (312) 853-7000
                                            Facsimile: (312) 853-7036

                                            Attorneys for U.S. Cellular Corporation

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system, per Local Rule CV-5.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/     *Steve Malin*
Steve Malin